UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>KOURTNEE AMARAL, et al.,<br><br>Defendants. | No. 2: 20-cv-0069 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 4, 2020, the undersigned issued an order and findings and recommendations screening plaintiff's complaint. (ECF No. 8.) The undersigned recommended that this action be dismissed. (Id.) On March 20, 2020, plaintiff filed objections to the findings and recommendations. (ECF No. 11.)

In his objections, plaintiff appears to raise a claim not raised in the original complaint. For that reason, the March 4, 2020 findings and recommendations recommending that this action be dismissed are vacated. Instead, the undersigned herein again recommends dismissal of the six claims raised in the original complaint, but grants plaintiff leave to file an amended complaint as to the new claim raised in his objections.

////

1

Plaintiff's Allegations

On January 9, 2020, plaintiff filed a complaint and a motion for a temporary restraining order. (ECF Nos. 1, 6.) The motion for a temporary restraining contains more detailed allegations regarding plaintiff's claims. The undersigned sets forth plaintiff's allegations herein, referencing both the complaint and motion for temporary restraining order, where appropriate. Named as defendants are Kourtnee Amaral, B. Nahal, R. Omari and J. Charon. (ECF No. 1 at 1.)

Plaintiff alleges that on January 10, 2019, defendant Amaral filed a false rules violation report against plaintiff in retaliation for plaintiff reporting Amaral's alleged failure to provide him with adequate medical care on August 28, 2018, through August 30, 2018. (Id. at 3.) Plaintiff alleges that he reported the alleged inadequate medical care provided by defendant Amaral to defendant Amaral's supervisor. (Id.) Plaintiff also alleges that he submitted several Interview Requests regarding the alleged inadequate medical care to the supervising registered nurse, the Chief Financial Officer of Medical and the Chief Physician. (Id.)

Plaintiff alleges that in the alleged false disciplinary report, defendant Amaral claimed that plaintiff walked up to her, followed her, and spoke in a loud aggressive manner and yelled. (Id. at 4.) In the motion for injunctive relief, plaintiff sets forth the charges made against him by defendant Amaral, apparently taken from the rules violation report:

> On Thursday, January 10, 2019 at approximately 0800 hrs, while performing my duties as "A" Clinic Registered Nurse, I was walking from "A" Clinic to building 1 when Inmate Muhammad walked toward me talking to me in an aggressive elevated tone. Inmate Muhammad began following me towards Building 1 yelling, "Hey! Liar! You still lying up there?! You liar!" Inmate Muhammad was raising his hands in the air while yelling loudly. I turned around and stated, "Okay, please don't talk to me." And then I continued to walk. Inmate Muhammad continued following me and yelling loudly "my hand ain't broken, huh? My hand ain't broken?! You liar!" Once more, I stated, "Leave me alone and stop talking to me." At this time, I made it clear the conversation was complete, however inmate Muhammad continued to harass me and follow me towards the building while yelling, "Liar! You a liar! Liar!" Muhammad followed me all the way to the entrance of Building 1, yelling the entire time, ignoring multiple requests to leave me alone.

(ECF No. 6 at 2.)

////

Plaintiff alleges that in the rules violation report, defendant Amaral omitted that defendants Nahal and Omari were also present, and that plaintiff was walking with the other 60 to 90 inmates who were returning to the housing unit. (ECF No. 1 at 4.) Plaintiff claims that defendant Amaral misrepresented plaintiff stating, "Nurse Amaral, you know that my hand was …actually broken? They put screws and plates inside after re-breaking it!" (Id.) Plaintiff alleges that defendant Amaral presented the events falsely in an attempt to portray plaintiff as a threat to her. (Id.)

In his motion for a temporary restraining order, plaintiff alleges that he asked defendant Amaral if she remembered telling him that his hand was not broken, and that it actually was broken, and that plaintiff had to have surgery. (ECF No. 6 at 9.) Defendant Amaral then told plaintiff that she was not going to talk to him. (Id. at 8.) Plaintiff alleges that he did not say anything else to her. (Id.)

Plaintiff claims that defendant Amaral had spoken with defendants Nahal and Omari regarding her intention to make a false allegation against plaintiff. (ECF No. 1 at 6.) Plaintiff alleges that he called defendant Nahal as a witness at the disciplinary hearing. (Id.) At the hearing, defendant Nahal testified that he did not recall plaintiff walking towards defendant Amaral, following her, speaking to her, yelling, or with his hands in the air. (Id.)

Plaintiff alleges that defendant Charon conducted the disciplinary hearing based on the rules violation report filed by defendant Amaral. (Id. at 7.) Plaintiff alleges that defendant Charon violated plaintiff's due process rights during the hearing. (Id.) Plaintiff alleges that he (plaintiff) requested to review the videotape or photographic evidence from the incident at least 24 hours before the hearing. (Id.) At the hearing, after plaintiff told defendant Charon that he had been unable to review the videotape or photographic evidence, defendant Charon allegedly told plaintiff, "We don't do that here." (Id.) Plaintiff alleges that the videotape and/or photographic evidence was exculpatory. (ECF No. 6 at 12.) Defendant Charon found plaintiff guilty of harassment of another person based on the word of defendant Amaral alone. (Id. at 3.) Plaintiff was assessed 30 days of time credits, a security custody points increase, and a 30 days loss of exercise and yard privileges. (Id.)

3

As relief, plaintiff seeks money damages. (ECF No. 1 at 10.)

Discussion

The complaint contains six legal claims.

*Claims One, Five and Six*

In claim one, plaintiff alleges that defendant Amaral filed the false disciplinary charges against him in retaliation for the complaints plaintiff made against defendant Amaral alleging inadequate medical care. In claim five, plaintiff alleges that defendant Charon violated his right to due process by failing to allow plaintiff to review the exculpatory videotape and/or photographic evidence of the incident and to present this exculpatory evidence at the disciplinary hearing. In claim six, plaintiff alleges that defendant Charon violated his right to equal protection by finding him guilty of the false disciplinary charges.

As discussed above, plaintiff was assessed 30 days of time credits after being found guilty of the rules violation report. Plaintiff does not claim that these time credits have been restored.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–82. In the prison disciplinary context, the favorable termination rule or Heck bar applies if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]" Edwards v. Balisok, 520 U.S. 641, 646

(1997), and if the restoration of those credits "necessarily" would "affect the duration of time to be served[.]" Muhammad v. Close, 540 U.S. 749, 754 (2004) (per curiam).

In the instant case, a finding that defendant Amaral filed retaliatory false disciplinary charges against plaintiff would necessarily imply the invalidity of plaintiff's prison disciplinary conviction and affect the duration of plaintiff's confinement based on the restoration of the assessed time credits. A finding that defendant Charon violated plaintiff's due process rights or right to equal protection by preventing plaintiff from presenting exonerating evidence at the disciplinary hearing would also necessarily imply the invalidity of plaintiff's prison disciplinary conviction and affect the duration of plaintiff's confinement based on the restoration of the assessed time credits. A finding that defendant Charon found plaintiff guilty of the disciplinary charge based on false and/or insufficient evidence would also necessarily imply the invalidity of plaintiff's disciplinary conviction and affect the duration of plaintiff's confinement based on the restoration of the assessed time credits.

For these reasons, plaintiff's claims against defendants Amaral and Charon are barred by Heck. Accordingly, the undersigned recommends that claims one, five and six against defendants Amaral and Charon be dismissed.[1]

*Claim Two*

In claim two, plaintiff alleges a violation of his First Amendment right to seek redress of grievances. Plaintiff does not have a constitutional right to have his administrative grievances accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, claim two should be dismissed.

*Claim Three*

In claim three, plaintiff alleges violations of his Fifth and Fourteenth Amendment right to legal assistance. Plaintiff alleges that defendant Amaral never mentioned that the security cameras could shed light on the accuracy of her version of events. Defendant Amaral's alleged failure to "mention" the security cameras does not state a potentially cognizable claim for

---

[1] Plaintiff may file a habeas corpus petition challenging his prison disciplinary conviction.

5

1   violation of plaintiff's constitutional rights.

2   In his objections, plaintiff alleges that the undersigned misconstrued claim three against

3   defendant Amaral. Plaintiff alleges that in claim three, he is alleging that defendant Amaral made

4   false disciplinary charges against him. For the reasons discussed above, the undersigned finds

5   that plaintiff's claim that defendant Amaral made false disciplinary charges is Heck barred.

6   Accordingly, claim three should be dismissed.

*Claim Four*

8   In claim four, plaintiff alleges that defendants Nahal and Omari conspired with defendant

9   Amaral to file false disciplinary charges against plaintiff.

10   "To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the

11   existence of an agreement or meeting of the minds' to violate constitutional rights." Crowe v.

12   Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (as amended) (citation omitted). "The

13   defendants must have, 'by some concerted action, intend[ed] to accomplish some unlawful

14   objective for the purpose of harming another which results in damage.'" Mendocino Envtl. Ctr.

15   v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999) (citation omitted).

16   As discussed above, plaintiff alleges that he called defendant Nahal as a witness at the

17   disciplinary hearing. Plaintiff alleges that at the hearing, defendant Nahal testified that he did not

18   recall plaintiff walking towards defendant Amaral, following her, speaking to her, yelling, or with

19   his hands in the air. In other words, plaintiff alleges that defendant Nahal's testimony at the

20   disciplinary hearing exonerated plaintiff of the disciplinary charges. These allegations do not

21   demonstrate that defendant Nahal conspired with defendant Amaral to file false disciplinary

22   charges against him. It does not appear that plaintiff can cure this pleading defect. Accordingly,

23   the undersigned recommends that the conspiracy charges against defendant Nahal be dismissed.

24   Plaintiff alleges that defendant Omari knew that defendant Amaral's version of events was

25   false. However, plaintiff pleads no facts demonstrating that defendant Omari took any action in

26   support of defendant Amaral's filing of the alleged false disciplinary charges. Plaintiff pleads no

27   facts demonstrating a "meeting of the minds" between defendant Omari and defendant Amaral.

28   For these reasons, plaintiff has not stated a potentially colorable conspiracy claim against

6

defendant Omari.  Accordingly, the undersigned recommends that the conspiracy claim against defendant Omari be dismissed.

Conclusion

*Leave to Amend*

For the reasons discussed above, the undersigned again recommends dismissal of claims 1-6 raised in the complaint.  In his objections, plaintiff appears to allege that he also seeks to raise a claim alleging that defendant Amaral provided inadequate medical care to plaintiff in August 2018.  Plaintiff is granted leave to file an amended complaint raising *only* his Eighth Amendment inadequate medical care claim against defendant Amaral.

As discussed above, on March 20, 2020, plaintiff filed objections to the March 4, 2020 findings and recommendations.  (ECF No. 11.)  If plaintiff would like the court to consider his objections filed March 20, 2020 as objections to the instant findings and recommendations, rather than filing new objections, he shall inform the court within fourteen days.

*Motion for Temporary Restraining Order*

As discussed above, plaintiff filed a motion for a temporary restraining order with the complaint.  (ECF No. 6.)  In this motion, plaintiff requests that the court order that defendants be prohibited from working in A Facility-Housing Yard, where plaintiff is located.  (Id. at 13.)

Courts may grant preliminary injunctions and temporary restraining orders pursuant to Rule 65 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 65.  The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction."  Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter,

555 U.S. 7, 20 (2008)).

A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

The undersigned cannot determine whether plaintiff has demonstrated a likelihood of success on the merits because he does not have a viable complaint on file. For this reason, plaintiff's motion for a temporary restraining order should be denied.

*Motion for Appointment of Counsel*

Plaintiff has filed a motion for the appointment of counsel. (ECF No. 12.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

////

Accordingly, IT IS HEREBY ORDERED that:

1. The March 4, 2020 findings and recommendations (ECF No. 8) are vacated;
2. Plaintiff is granted thirty days from the date of this order to file an amended complaint raising only his Eighth Amendment inadequate medical care claim against defendant Amaral; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action;
3. Plaintiff's motion for appointment of counsel (ECF No. 12) is denied;
4. Plaintiff is granted fourteen days from the date of this order to either file new objections or inform the court that he would like the court to consider his objections filed March 20, 2020, as objections to the instant findings and recommendations; and

IT IS HEREBY RECOMMENDED that:

1. The six claims raised in the original complaint be dismissed;
2. Plaintiff's motion for a temporary restraining order (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Muh69.ame

9